UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EUNICE CLAUDIA VAN DE CRUZE,

                Plaintiff,

        v.

HANS CHARLES ZIZI, *et al.*,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-05863 (RPK) (VMS)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has moved for a temporary restraining order prohibiting state court eviction proceedings arising from a foreclosure action, which she represents are going to occur tomorrow, August 4, 2023. ECF No. 2. Although this case is assigned to Judge Kovner, Plaintiff's motion was presented to this Court pursuant to the District's miscellaneous duty schedule. For the reasons set forth below, the Court denies Plaintiff's motion for a temporary restraining order or any other form of preliminary injunctive relief.

## FACTUAL BACKGROUND

    Plaintiff alleges that she is currently residing in a property in Laurelton, New York, in Queens County (the "Property"). ECF No. 2 ¶ 3. Plaintiff allegedly became the owner of the Property after having inherited it from the previous owner. *Id.* She alleges that one of the Defendants named in her complaint, CitiMortgage Inc., wrongfully commenced a foreclosure action for the Property in Queens County Supreme Court in 2009 and obtained a default judgment in 2016. *Id.* ¶¶ 16–18. Plaintiff further alleges that after the default judgment, title to the property was assigned or sold multiple times—she alleges that each step in this process was legally invalid—until eventually Defendant Greene Court Corp. became the owner of the Property. *Id.* ¶¶ 19–23.

Plaintiff alleges that Greene Court, along with its alleged representatives Defendants Hans Charles Zizi and Marie Paule Pereira, have attempted to enforce Greene Court's purportedly fraudulent ownership rights to the Property by harassing Plaintiff and unspecified other residents of the Property, in conjunction with "phantom debt collectors." ECF No. 1 ¶ 31. Based on these allegations, Plaintiff asserts claims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. *Id.* ¶¶ 47–52. She also asserts common law claims for fraudulent misrepresentation, unjust enrichment, and conversion, and she asserts that Greene Court's deed should be cancelled pursuant to Section 329 of New York's Real Property Law. *Id.* ¶¶ 36–46, 53–64. Although not listed among the causes of action at the end of Plaintiff's complaint, Plaintiff alleges elsewhere that Defendants' misconduct also violates her rights under the "Fourth, Fifth and Fourteenth Amendments to the United States Constitution," and she therefore purports to assert a claim pursuant to 42 U.S.C. § 1983 to vindicate those rights. *Id.* ¶ 10.

Plaintiff alleges that Greene Court has now commenced an eviction proceeding against her, and she has attached to her complaint a notice of eviction issued on July 20, 2023, by the Civil Court of the City of New York, County of Queens, informing Plaintiff that she may be evicted without further warning if she does not vacate the Property by August 4, 2023. ECF No. 1 at 19. Plaintiff's motion "seek[s] a temporary restraining order" to enjoin Greene Court, or presumably any other Defendant, from moving forward with that eviction. ECF No. 2 ¶ 25. The Civil Court's docket indicates that Plaintiff has also filed a motion to stay the eviction as part of that proceeding, but the Civil Court does not appear to have ruled on the motion. *See Greene Court Corp. v. Eunice Claudia Van De Cruze, et al.*, No. LT-64241-19/QU (Civ. Ct. Queens Cty. filed May 19, 2023) (NYSCEF Nos. 28 & 29).

**LEGAL STANDARD**

A party seeking injunctive relief through either a temporary restraining order or a preliminary injunction must "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022).[1]  Since Plaintiff is *pro se*, her papers "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

Even if Plaintiff has adequately alleged a federal claim under the Fair Debt Collection Practices Act or the Fair Credit Reporting Act that confers jurisdiction on the Court—an issue which the Court does not address in this order—the Court does not have the authority to enjoin a state court eviction proceeding as part of adjudicating Plaintiff's claims.  Such relief would be barred by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  "Courts in this Circuit have long held that the Anti-Injunction Act applies to state-court evictions proceedings." *Gomez v. Yisroel*, No. 21-cv-2172, 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (denying injunctive relief against "the execution of [an] eviction warrant" issued by state court); *see also Reeve v. CMP Consultants, Inc.*, No. 23-cv-1308, 2023

---

[1]   Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

WL 2163327, at *4 n.2 (S.D.N.Y. Feb. 22, 2023) (denying temporary restraining order against state court eviction proceeding for same reason).

The Anti-Injunction Act does not apply to claims validly brought pursuant to 42 U.S.C. § 1983 since the Supreme Court "unequivocal[ly] . . . 'conclude[d] that, under the criteria established in [its] previous decisions construing the anti-injunction statute, § 1983 is an Act of Congress that falls within the expressly authorized exception of that law.'" *Brinkmann v. Town of Southold, New York*, No. 21-cv-2468, 2021 WL 4295398, at *2 (E.D.N.Y. Sept. 20, 2021) (quoting *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972)). However, Plaintiff's conclusory assertion of a Section 1983 claim does not permit her to circumvent the Anti-Injunction Act because she has not attempted to allege that any of the eleven individuals and entities that she has named as Defendants in her complaint are state actors or that an exception to the state actor requirement applies. *Mecca v. Deustche Bank Nat'l Tr. Co.*, No. 22-cv-2208, 2022 WL 2239557, at *4 (E.D.N.Y. June 21, 2022) (dismissing Section 1983 claims brought against mortgage lender because plaintiff "ha[d] not included any allegations upon which the Court could reasonably find [d]efendant, a private corporation, to constitute a state actor or to have committed any state action"). Instead, all of the Defendants appear to be private entities and individuals affiliated with holders of the deed to the Property, mortgage lenders, or debt collectors. *See* ECF No. 1 at 35, 40. Plaintiff has therefore failed to establish that she is likely to succeed on the merits of a Section 1983 claim, or even that there are sufficiently serious questions related to that claim to suggest that it is meritorious, as required to obtain injunctive relief in connection with that claim.

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's motion for a temporary restraining order or for any other injunctive relief.  ECF No. 2.  Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies Plaintiff *in forma pauperis* status for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Court respectfully directs the Clerk of Court to mail a copy of this order to the *pro se* Plaintiff, and the Court's staff is contemporaneously sending this order to the email address provided in Plaintiff's complaint through the District's electronic case filing system.

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                     United States District Judge

Dated: Brooklyn, New York
       August 3, 2023