UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x

EUNICE CLAUDIA VAN DE CRUZE,                  :
                                              :
                        Plaintiff,            :          **REPORT AND RECOMMENDATION**
                                              :          23 Civ. 5863 (RPK) (VMS)
                                              :
              -against-                       :
                                              :
HANS CHARLES ZIZI, MARIE PAULE                :
PEREIRA, DAVID SCOTT HARRIS, PATRICK          :
CHRISTOPHER, PETER MAIMONE, JUSTIN            :
GROSSMAN, DAVID GALLO, GREENE                 :
COURT CORP., CITIMORTGAGE INC.,               :
CARRINGTON MORTGAGE SERVICES LLC,             :
                                              :
                        Defendants.           :

------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

       This action was referred to the undersigned for supervision of pretrial matters. For the

reasons set forth below, it is respectfully recommended, sua sponte, that this action be dismissed

without prejudice pursuant to Rules 4(m) and 41 of the Federal Rules of Civil Procedure.

**I.      BACKGROUND**

       On August 2, 2023, pro se Plaintiff Eunice Claudia Van de Cruze ("Plaintiff"), as

executor of the estate of late Abigail Hunte ("Ms. Hunte"), filed a complaint ("Complaint")

against Hans Charles Zizi, Marie Paule Pereira, David Scott Harris, Patrick Christopher, Peter

Maimone, Albert Maimone, Justin Grossman, David Gallo, Greene Court Corp., CitiMortgage

Inc., Carrington Mortgage Services, LLC (collectively, "Defendants"), related to the deed of

trust agreement ("Deed of Trust") that Ms. Hunte entered into on December 19, 2007, with the

Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Defendant

CitiMortgage Inc., in relation to Ms. Hunte's property in Laurelton, NY ("Property"). See ECF

No. 1, Compl., generally. According to the Complaint, the Deed of Trust was invalid, see id.

1

¶ 18, which has led to subsequently deficient and voidable legal instruments related to the Property, including a foreclosure filing, an assignment of mortgage and a default foreclosure judgment.  See id. ¶¶ 22, 24.  Plaintiff asserts the following five causes of action against all Defendants: (1) fraudulent misrepresentation; (2) cancellation of deed pursuant to New York's Real Property Law § 329; (3) violation of the Fair Debt Collection Act, 15 U.S.C. § 1692; (4) unjust enrichment; and (5) conversion.  See id. ¶¶ 36-6.  The Complaint includes the demand-to-cure notice that Plaintiff served upon Defendants on July 27, 2023, in which she requested that all "phantom debt collectors cease and desist all actions against the [Property] immediately." Id. ¶¶ 35-38.  The affidavit of service attached to the demand to cure includes all Defendants' respective mailing addresses.  Id. ¶ 40.

On October 2, 2023, this Court issued an Order scheduling an initial conference for December 7, 2023.  See ECF No. 6.  On December 4, 2023, the Court issued an Order stating that although "Plaintiff paid the filing fee and a summons was issued that same day[,] Plaintiff has not filed an affidavit of service indicating that the summons and complaint were served on the Defendants."  ECF No. 8.  The Order also set forth the service requirements of Federal Rule of Civil Procedure 4(m).  Id. (citing Fed. R. Civ. P. 4(m)).  In light of Plaintiff's pro se status, the Court granted Plaintiff additional time to comply with Rule 4(m) but cautioned that "if Plaintiff fails to show good cause why service has not been effected within 30 days of the date of this Order, the Court may recommend that the District Judge dismiss this action pursuant to Rule 4(m)."  Id.  The initial conference was later rescheduled to February 8, 2024.  See 1/12/2024 Order.

On February 7, 2024, Plaintiff moved for a 45-day stay of the proceedings to allow her to find and retain counsel.  See ECF No. 10.  The Court granted the motion to stay and rescheduled the initial conference to March 4, 2024.  See 2/08/2024 Order.  Following Plaintiff's failure to appear at the March 4, 2024 initial conference, the Court issued an Order notifying Plaintiff that

> she must appear at all proceedings scheduled by the Court.  Second, Plaintiff, who is appearing pro se, failed to file a letter informing the Court of 'whether the estate has any beneficiaries or creditors other than herself,' as required by the 12/4/2023 Order, as 'an administr[ator] or execut[or] of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant.'  Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010).  On or before 4/30/2024, Plaintiff must file such letter.  Third, Plaintiff has failed to file proof of service on Defendants or show good cause for not yet doing so.  On or before 4/30/2024, Plaintiff must file either (1) proof of service as to each Defendant, if each Defendant has been served, or (2) a letter explaining the good cause supporting an extension of time to do so.

4/04/2024 Order.  The Court also stated that it would "likely recommend dismissal of this action if [Plaintiff] does not comply with this Order."  Id.  The Court mailed a copy of the March 4, 2024 Order and docket sheet to Plaintiff at the address listed for her on the docket.  See id.  The Court also emailed a copy of those documents to Plaintiff and reminded Plaintiff of her obligation to "maintain updated contact information with the Court."  Id.  The Court's mailing to Plaintiff was returned to sender.  See 4/29/2024 Docket Entry.

On May 22, 2024, the Court issued an Order stating that Plaintiff had failed to comply with the March 4, 2024 order.  See 5/22/2024 Order.  The Court noted that this was its "third warning to Plaintiff that failure to comply with the Federal Rules of Civil Procedure and the Court's Orders may lead to this Court recommending that the District Judge dismiss this action pursuant to Rule 4(m)."  Id.  The Court provided Plaintiff until May 29, 2024, to update her mailing address and file proof of service as to each Defendant.  See id.  The Court notified Plaintiff that her "failure to comply with this Order will lead to this Court recommending

3

dismissal. Absent exceptional circumstances, this is the Court's final warning to Plaintiff in this regard." Id. The Court mailed and emailed copies of the Order and the docket sheet to Plaintiff.

As of the date of this report and recommendation, Plaintiff has not filed proof of service or updated her mailing address, and the Court has not received any updated communications from Plaintiff, including the required letter as to beneficiaries and creditors.

## II.    DISCUSSION

### A.  Plaintiff Has Failed To Timely Serve Defendants

Pursuant to FRCP 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under FRCP 4(m), based on the original Complaint, service on Defendants was to be completed by November 1, 2023. In recognition of Plaintiff's pro se status, the Court has afforded Plaintiff substantial additional time to serve and file proof of service as to all Defendants. See Dkt. Order 12/04/2023; Dkt. Order 2/08/2024; Dkt. Order 4/04/2024; Dkt. Order 5/22/2024. The Court's Pro Se Office provided Plaintiff with information to assist in her service efforts, as well as information on seeking legal assistance. See Dkt. Entry 8/03/2024. It has now been over a year since Plaintiff filed the Complaint. Although Plaintiff has been warned that failure to effect service could result in dismissal, she has not filed documents showing service, and she has not filed documents in this action since February 7, 2024. See ECF No. 10.

Under these circumstances, further extending Plaintiff's deadline to effect service would not be in the interest of justice, and sua sponte dismissal pursuant to FRCP 4(m) is appropriate. See Fantozzi v. City of New York, No. 23 Civ. 1111, 2024 WL 1597745, at *2 (2d Cir. Apr. 12,

2024) (finding that the district court properly dismissed the plaintiff's claims under Rule 4(m) where the plaintiff had not shown good cause for the failure to effect timely service); <u>Zapata v. City of New York</u>, 502 F.3d 192, 199 (2d Cir. 2007) (affirming the district court's <u>sua sponte</u> order dismissing the plaintiff's claims for lack of timely service); <u>Gustaff v. MT Ultimate Healthcare</u>, No. 06 Civ. 5496 (SLT) (LB), 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007) ("Where a [<u>pro se</u>] plaintiff fails to properly serve process on defendant within [the time prescribed by FRCP 4(m)], the Court may dismiss the action <u>sua sponte</u> pursuant to Rule 4(m) after giving notice to the plaintiff." (citing <u>Thompson v. Maldonaldo</u>, 309 F.3d 107 (2d Cir. 2002)), <u>report & recommendation adopted</u>, 2007 WL 2028104 (E.D.N.Y. July 11, 2007).   In light of the foregoing, and notwithstanding Plaintiff's <u>pro se</u> status, it is respectfully recommended that this action be dismissed without prejudice.  <u>See, e.g.</u>, <u>Cash v. Brown</u>, No. 12 Civ. 4652 (LAK), 2014 WL 4631876, at *2 (S.D.N.Y. Sept. 16, 2014) (adopting report and recommendation) (acknowledging that the court must make "reasonable allowances to protect <u>pro se</u> litigants," but dismissing the complaint under FRCP 4(m) after giving plaintiff nine  months to effect service); <u>Terry v. Village of Ossining</u>, No. 12 Civ. 5855 (ER), 2013 WL  5952834, at *5-6 (S.D.N.Y. Nov. 5, 2013) (dismissing a <u>pro se</u> complaint under FRCP 4(m)  where the plaintiff failed to effect service over a year after the filing of the case).

### B.  Plaintiff Failed To Comply With The Court's Order

This action should also be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b), particularly with regard to the requirement that Plaintiff identify other beneficiaries or creditors. An estate with more than one heir or beneficiary other than a plaintiff may not proceed <u>pro se</u>. <u>See</u> <u>Guest</u>, 603 F.3d at 20; <u>Iannaccone v. Law</u>, 142 F.3d 553, 559 (2d Cir. 1998); <u>Pridgen v. Andresen</u>, 113 F.3d 391, 393 (2d Cir. 1997); <u>see also</u> <u>Pappas v. Philip Morris, Inc.</u>, 915 F.3d 889,

895 (2d Cir. 2019) (holding that "[w]ho may practice law before a federal court is a matter of procedure—which Congress and the federal courts have the power to regulate— notwithstanding contrary state law").

Rule 41(b) grants the district court with the discretion to dismiss a case <u>sua sponte</u> for failure to prosecute or failure to comply with a court order.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Greene v. City of New York</u>, No. 19 Civ. 873 (ARR) (RER), 2020 WL 2840521, at *2 (E.D.N.Y. Apr. 23, 2020), <u>report & recommendation adopted</u>, No. 19 Civ. 873 (ARR) (RER), 2020 WL 2836785 (E.D.N.Y. June 1, 2020).   In considering a dismissal for failure to prosecute or failure to comply with a court order under Rule 41(b), "the court applies a balancing test, weighing five factors: '(1) the duration of plaintiff's failure . . ., (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudice by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" <u>Green</u>, 2020 WL 2840521, at *2 (citing & quoting <u>Baptise v. Sommers</u>, 768 F.3d 212, 217 (2d Cir. 2014)).  "The first factor considers two questions: '(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration.'"  <u>Id.</u> (citing <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 255 (2d Cir. 2004)).

As to the first factor, Plaintiff failed to comply with the Court's December 2023 Order to confirm she is the only beneficiary or creditor of the Estate.  <u>See</u> Dkt. Order 12/4/2023.  That Order was reiterated in the Court's April 4, 2024 Order.  Plaintiff has thus failed to comply with this Order for eight months.  "Delays of five months or less have resulted in dismissal by courts in the Second Circuit." <u>Green</u>, 2020 WL 2840521, at *3.

6

As to the second factor, the Court repeatedly notified Plaintiff that failure to comply with the Court's Orders may result in dismissal.  See Dkt. Orders 12/4/2023, 4/4/2024 & 5/22/2024. On May 22, 2024, the Court issued an Order stating that "[t]his is the Court's third warning to Plaintiff that failure to comply with . . . the Court's Orders may lead to this Court recommending that the District Judge dismiss this action pursuant to Rule 4(m)."  Dkt. Order 5/22/2024. Plaintiff was thus on notice of the possible consequence of failing to comply.

As to the third factor, "[p]rejudice to defendants resulting from unreasonable delay may be presumed."  Id. at *3 (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).  As stated above, Plaintiff has failed to comply with the Court's Orders for nearly eight months.  Defendants should not continue to be concerned about litigation if Plaintiff does not litigate her own case.  This factor weighs in favor of dismissal.

"The fourth factor considers the court's own interest in managing its docket."  Id.  In Green, the court found that "Plaintiff was given ample opportunity to argue against dismissal but has failed to do so."  Id.  "'[D]ismissing the case without prejudice adequately strikes the balance between the Court's need to 'manage efficiently a congested docket' and 'the plaintiff's right to due process.'"  Chavis v. City of New York, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (quoting Jackson v. City of New York, 22 F.3d 71, 76 (2d Cir. 1994)).  This Court has invested significant effort in seeking Plaintiff's compliance, especially relative to Plaintiff's efforts.  The Court should not have to expend resources on a case that Plaintiff appears to have abandoned.

The fifth factor considers whether sanctions other than dismissal would suffice.  "The Court cannot proceed without the participation of Plaintiff."  Green, 2020 WL 2840521, at *4. Although the Court warned Plaintiff of the possibility of dismissal for failure to prosecute,

Plaintiff continually failed to comply with the Court's Orders.  <u>See</u> <u>Europacific Asset Mgmt.</u> <u>Corp. v.</u> <u>Tradescape, Corp.</u>, 233 F.R.D. 344, 355 (S.D.N.Y. 2005).  There is no other recourse for the Court.

Having applied the five factors above to the facts in this case, the Court finds that a dismissal for failure to prosecute or failure to comply with Court Orders under Rule 41(b) is warranted.

**III.    CONCLUSION**

For the reasons set forth above, the Court respectfully recommends that this action be dismissed <u>sua</u> <u>sponte</u> without prejudice pursuant to Rules 4(m) and 41(b).

## IV.    OBJECTIONS

A copy of this report and recommendation will be mailed by chambers to Plaintiff at the address listed for her on the docket: Eunice Claudia Van de Cruze, 130-66 228th Street, Laurelton, NY 11413.  The Court will also email a copy of this report and recommendation to ExecutrixOffice@protonmail.com.  Any objections to this report and recommendation must be filed with the Clerk of Court within seventeen (17) days of the date of this report and recommendation.  Any request for an extension of time to file objections must be made to the Honorable Rachel P. Kovner, the district judge to whom this action is assigned.  Failure to file objections within the specified time waives the right to appeal the District Court's Order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate [judge]'s recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).

Dated: Brooklyn, New York
      August 14, 2024

*Vera M. Scanlon*
Vera M. Scanlon
United States Magistrate Judge